UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| LAVERN CHARLES FAST HORSE, | ) | CIV. 10-5037-JLV |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CASE |
| | ) | WITHOUT PREJUDICE |
| vs. | ) | |
| | ) | |
| BARRACK HUSSEIN O'BAMA, | ) | |
| President; | ) | |
| KAREN EDENFIELD, Warden, | ) | |
| FCI/BOP TX; | ) | |
| HARLEY LAPPIN, Director, | ) | |
| Federal BOP; | ) | |
| ERIC HOLDER, Attorney General, | ) | |
| United States of America, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the court pursuant to a complaint filed *pro se* by plaintiff Lavern Charles Fast Horse under 28 U.S.C. § 2241(c). (Docket 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Docket 4). The court did not direct service of the complaint upon defendants because it is apparent from the face of the complaint that Mr. Fast Horse's claims are time barred.

## DISCUSSION

Mr. Fast Horse was convicted in state court following a plea of guilty to the offense of grand theft. (Docket 1, pp. 1-2). A sentence of incarceration for eight years was imposed in 2005. Id. at p. 2. The sentence was imposed by

Circuit Court Judge John Delaney in the Seventh Judicial Circuit, Pennington County, South Dakota.  Id. at p. 1.  Mr. Fast Horse did not appeal the conviction or sentence to the South Dakota Supreme Court.  Id. at p. 2.  Although he did not pursue a direct appeal to the South Dakota Supreme Court, he did pursue habeas relief in both the South Dakota state court and in the United States District Court for the District of South Dakota under 28 U.S.C. § 2254, on January 24, 2008.  See Lavern C. Fast Horse v. Doug Weber, CIV. 08-5007 (D.S.D. 2008).  That petition for a writ of habeas corpus was dismissed without prejudice by District Judge Richard H. Battey.  See id. at Docket 7.

In 2004, Mr. Fast Horse was charged by federal indictment with theft in the District of Nevada.  See United States v. Horse, CR. 04-00184 (D. Nev. 2004).  Mr. Fast Horse was convicted of these federal charges and sentenced to 10 months' incarceration, to be served consecutive with the term of imprisonment imposed on his South Dakota state court conviction.  See id. at Docket 53; see also Lavern Charles Fast Horse v. Michael Mukasey, et al., CIV. 08-5083 (Docket 16-2) (D.S.D. 2008).

By an exhibit attached to Mr. Fast Horse's petition, it appears he was granted parole by the South Dakota Board of Pardons and Paroles on April 16, 2008.  (Docket 1-1).  He was released from custody on the South Dakota conviction and transferred to federal custody under a detainer in the Nevada

federal court proceeding. Id.; see also CIV. 08-5083 (Docket 16-1) (D.S.D. 2008).

Mr. Fast Horse now seeks to overturn his federal conviction in Nevada, with prejudice, because the "state Government has no absolute plenary authority under P. L. 280." (Docket 1 p. 2). With this complaint he also seeks five million dollars in compensatory damages and five million dollars in punitive damages. Id. at p. 3. The essence of plaintiff's allegations are that the "United States by and through its agent, the 'U.S. Attorney', lost its jurisdiction once it failed to determine (prove) jurisdiction to hear this case at bar before proceeding with a plea/trial within the US District Court." Id. at p. 12. He further alleges "[t]he U.S. Attorney had failed ab initio to establish that the so called prohibitive conduct of defendant moved beyond the borders of the sovereign state, thus in clear absense [sic] of a commerce charge, the government has failed to establish federal subject matter jurisdiction over the 'alleged' offense." Id. at p. 16.

> [Mr. Fast Horse] stands firm on his assertion that he was highly prejudiced by the US Atty/Prosecutor not qualifying the Jurisdictional [NEXUS] in the statute, to the grand jury. The moving party here the defendant contends that the Government of the United States of American formerly the Northwest Ordinance, lacked subject matter jurisdiction where no prohibitive acts of conduct of the defendant moved beyond the borders of the sovereign state.

Id. at p. 21.

Mr. Fast Horse sought the intervention of the District Court for the District of South Dakota on this same issue. See Lavern Charles Fast Horse v. Michael Mukasey, et al., CIV. 08-5083 (D.S.D. 2008). That case was dismissed without prejudice by Chief Judge Karen E. Schreier on January 29, 2009. Id. at Docket 19. Chief Judge Schreier accepted the findings and recommendations of Magistrate Judge Duffy in dismissing Mr. Fast Horse's complaint. Id. It was Magistrate Judge Duffy's conclusion that any federal habeas corpus petition under 28 U.S.C. § 2241 must be heard by the district within which the petitioner was confined at the time, Colorado, and not in the District of South Dakota. Id. at Docket 14, pp. 3-4.

Now, in this proceeding, Mr. Fast Horse is attempting a second time to do that which he could not do in the first instance–have this court overturn a conviction originating out of the District of Nevada. As Magistrate Judge Duffy explained to Mr. Fast Horse in Lavern Charles Fast Horse v. Michael Mukasey, et al., CIV. 08-5083 (Docket 14, pp. 3-4) (D.S.D. 2008):

> Personal jurisdiction for a habeas petition filed under 28 U.S.C. § 2241 lies only in the district where the petitioner's custodian is located. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042, 1043-44 (8th Cir. 1995); United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("Habeas corpus jurisdiction [under § 2241] lies only when petitioner's custodian is within the jurisdiction of the district court."). Therefore, the district where Mr. Fast Horse originally filed his petition–the District of Colorado–was the *correct* district to entertain his § 2241 petition since both he and his custodian are in that district. Correspondingly,

4

>however, this district cannot entertain Mr. Fast Horse's petition because neither Mr. Fast Horse nor his custodian are located in this district.

Id. (emphasis in original).

According to Mr. Fast Horse's complaint, he is presently incarcerated in the Big Spring Federal Correctional Institution in Big Spring, Texas. (Docket 1). This court does not have personal jurisdiction under 28 U.S.C. § 2241 to address the claims made in the complaint.

Further, Mr. Fast Horse failed to pay the filing fee required in this case. Under 28 U.S.C. § 1915(g), Mr. Fast Horse was previously barred by Chief Judge Schreier from filing any further *in forma pauperis* actions because she found that Mr. Fast Horse had "on three or more occasions, while incarcerated or detained in any facility, brought actions that were dismissed on grounds that the action was frivolous, malicious, or failed to state a claim upon which relief could be granted." Lavern Charles Fast Horse v. Steven Hearst, CIV. 07-5039 (Docket 8 at p. 1) (D.S.D. 2007). That was the second time Mr. Fast Horse was denied *in forma pauperis* status under 28 U.S.C. § 1915(g). See Lavern C. Fast Horse, et al. v. Michael Rounds, et al., CIV. 06-4232 (Docket 6) (D.S.D. 2006).

This court likewise finds Mr. Fast Horse comes within the criteria established by § 1915(g) in that this present action is frivolous and fails to state a claim on which relief can be granted. Accordingly, it is hereby

5

ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 4) is denied.

IT IS FURTHER ORDERED that Mr. Fast Horse may not file any further actions or claims in the District of South Dakota without simultaneous payment of all filing fees.

Dated February 9, 2011.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE